This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.
Forms are free at ilcourts.info/forms.

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | *For Court Use Only* |
|---|---|---|
| Madison ▼ COUNTY | | |

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | MICHAEL HOSFELT AND RAY GREER<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>JASON DANDRIDGE, WALKER DSN 372,<br>FSB EMPLOYEE #1 ,BRENDAN KELLY ,In his official<br>capacity as Dorector of the Illinois State Police | 24-LA-1034<br><br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

---

## IMPORTANT: You have been sued.

- Read all documents attached to this *Summons*.

- You MUST file an official document with the court within the time stated on this *Summons* called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees*.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

---

### Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Detinue
- Order of protection
- Divorce
- Administrative review cases
- Eviction
- Stalking no contact orders
- Paternity
- Adult guardianship
- Foreclosure
- Civil no contact orders
- Small Claims

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

**EXHIBIT A**

Enter the Case Number given by the Circuit Clerk: 24-LA-1034

| | | |
|---|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
| | a. | Defendant/Respondent's primary address/information for service: |
| | | Name *(First, Middle, Last):* WALKER DSN 372 |
| | | Registered Agent's name, if any: |
| | | Street Address, Unit #: 405 RANDLE ST |
| | | City, State, ZIP: EDWARDSVILLE  IL 62025 |
| | | Telephone: _____ Email: _____ |
| In **1b**, enter a second address for the first Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here: |
| | | Name *(First, Middle, Last):* _____ |
| | | Street Address, Unit #: _____ |
| | | City, State, ZIP: _____ |
| | | Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to this Defendant/ Respondent. | c. | Method of service on Defendant/Respondent: |
| | | ☐ Sheriff  ☐ Sheriff outside Illinois: _____ |
| | | *County & State* |
| | | ☐ Special process server  ☐ Licensed private detective |

<table>
<tr><td>Check here if you are serving more than 1 Defendant/ Respondent. Attach an <em>Additional Defendant/ Respondent Address and Service Information</em> form for each additional Defendant/Respondent and write the number of forms you attached.</td><td>☑ <strong>I am serving more than 1 Defendant/Respondent.</strong><br>I have attached  3 _____ <em>Additional Defendant/Respondent Address</em><br><em>Number</em><br><em>and Service Information</em> forms.</td></tr>
<tr><td>In <strong>2a</strong>, enter the amount of money owed to you. Check <strong>2b</strong> if you are asking for the return of tangible personal property.</td><td><strong>2. Information about the lawsuit:</strong><br>a. Amount claimed:   $ _____<br>☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).</td></tr>
<tr><td>In <strong>3</strong>, enter your complete address, telephone number, and email address, if you have one.</td><td><strong>3. Contact information for the Plaintiff/Petitioner:</strong><br>Name <em>(First, Middle, Last):</em> MAAG LAW FIRM<br>Street Address, Unit #:  22 W LORENA AVE<br>City, State, ZIP:  WOOD RIVER IL 62095<br>Telephone:  618-216-5291    Email: MAAGLAWOFFICCE@GMAIL.COM</td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions attached to this *Summons*. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |

| | | |
|---|---|---|
| Check **4a** or **4b**. If Defendant/ Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. | To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: |
| | | Address:  155 N. Main Street, Edwardsville, IL 62025 |
| | | City, State, ZIP: _____ |

<table>
<tr><td>

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.*

</td><td>

☐ **b.**  Attend court:

On: _____  at  _____  ☐ a.m. ☐ p.m. in  _____
      *Date*            *Time*                         *Courtroom*

**In-person at:**

</td></tr>
</table>

_____  _____  _____  _____
*Courthouse Address*         *City*                *State*      *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
                 *Call-in number for telephone remote appearance*

By video conference: _____
                         *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk _____ or visit their website
                      *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
   *Website*

*In 4b, fill out:*
- *The court date and time the clerk gave you.*
- *The courtroom and address of the court building.*
- *The call-in or video information for remote appearances (if applicable).*
- *The clerk's phone number and website.*

*All of this information is available from the Circuit Clerk.*

---

**STOP!**

The Circuit Clerk will fill in this section.

**Witness this Date:** 8/9/2024 _____

**Clerk of the Court:** /s/ Thomas McRae  /s/ Rosemary Eaker

---

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**
- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____8 – 16 – 24_____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

| | |
|---|---|
| MICHAEL L. HOSFELT and | ) |
| RAY C. GREER, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) No. |
| | ) |
| JASON DANDIDGE, WALKER DSN 372,) | |
| FSB EMPLOYEE #1, and BRENDAN | ) |
| KELLY, in his official capacity, as | ) |
| Director of the Illinois State Police, | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Comes now Ray C. Greer and Michael L. Hosfelt, by and through their attorneys, Thomas G. Maag and the Maag Law Firm, LLC, and states as follows:

### COUNT I

1. At all times relevant, Plaintiffs Michael L. Hosfelt ("Hosfelt") and Ray C Greer ("Greer") are citizens and residents of Madison County, Illinois.

2. That Defendant Brendan Kelly ("Kelly") is a citizen and resident of Saint Clair County, Illinois, and is the Director of the Illinois State Police, and is sued in his official capacity.

3. That FSB Employee #1 is an actual natural person, who is employed by the Illinois State Police Firearms Services Bureau, whose actual name is unknown at this time, but who personally revoked Plaintiff's FOID cards, as hereinafter alleged, in violation of basic constitutional law. He/she is being sued in their individual capacity.

4. That Defendant Jason Sandidge (Sandidge) is a citizen and resident of Madison County, Illinois, and is employed as a deputy in the Madison County Sheriff's Department, and at all times was and is acting under color of state law.

5. That Defendant Walker DSN 372 (Walker) is a citizen and resident of Madison County, Illinois, and is employed as a deputy is the Madison County Sheriff's Department, and at all times was and is acting under color of state law.

6. That on or about Sunday, July 21s, 2024, at approximately 9:03 PM, Defendant Sandidge and Walker were dispatched to the home of Plaintiff Hosfelt, in unincorporated Madison County.

7. That Defendants Sandidge and Walker ultimately went to the backyard, and saw Plaintiffs.

8. That neither Plaintiffs were armed or in the immediate vicinity of firearms when they met with Defendants Sandidge and Walker.

9. At this point, based only on an anonymous complaint, and the existence of fired shotgun shell hulls in the yard, Defendants Sandidge and Walker arrested Plaintiffs, on grounds which were not apparent, and placed then in the police car, and drove them away to incarceration.

10. That while Plaintiff's deny shooting at all on the date in question, there is no law against a person firing a shotgun or other firearm, in their own back yard, in unincorporated Madison County, Illinois.

11. That Defendants Sandidge and Walker had no probable cause to arrest Plaintiffs, but did so anyway.

12. That after arresting Plaintiffs, Defendants Sandage and Walker, without a warrant, and without permission, and without exigent circumstances sufficient under the law, entered into the home of Plaintiff Hosfelt, and conducted an unlawful search.

13. That at all times relevant, there exists the Fourth Amendment to the Constitution of the United States, which is incorporated by the 14th Amendment, which prohibits unreasonable searches and seizures.

14. At all times relevant, Plaintiffs have a cause of action under 42 U.S.C. 1983.

15. At all times relevant, Plaintiffs suffered damages in an amount in excess of $50,000.00

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sanderson, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT II

1 – 15  Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 15 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Walker, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT III

1 – 15  Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 15 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sanderson, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT IV

1 – 15  Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 15 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his

favor, and against Defendant Walker, in an amount in excess of $50,000.00, plus costs of suit and

attorney fees under 42 USC 1988.

## COUNT V

1 – 11   Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 11 of Count I.

12.      As there was no probably cause to arrest Plaintiffs in this first instance, the Madison

County States Attorney (not named as a Defendant here), did the appropriate thing, and refused

to file charges against Plaintiffs.

13.      That despite knowing that no actual criminal charges were to be filed, and having no

actual articulatable evidence or information that either Plaintiff was a clear or present danger to

any person, group or persons, or anyone else, Defendant Sandage, personally, "completed Clear

and Present Danger Forms on both Michael and Raymond [i.e. Plaintiffs]".

14.      That thereafter, Defendant Sandage personally forwarded said Clear and Present Danger

forms to Madison County Lt. Stipcack, for forwarding to the ISP.

15.      That only the most incompetent or politically motivated officer would submit a "clear and

present danger" report, under the facts that Defendant Sandage actually knew at the time.

16.      In fact, under Illinois law, a clear and present danger report is only supposed to be made

if, and only if,

>"a person … (1) communicates a serious threat of physical violence against a
>
>reasonably identifiable victim or poses a clear and imminent risk of serious
>
>physical injury to himself, herself, or another person…
>
>or
>
>(2) demonstrates threatening physical or verbal behavior, such as violent, suicidal,

or assaultive threats, actions, or other behavior....

16. In this case, there was *no actual communication of any threat*, much less a serious threat.

17. In this case there was no violent, suicidal or assaultive actions or other behavior.

18. In fact, based on the observations of the reporting officer, made during the court of an unlawful search, all firearms were literally under lock and key, and no person reported any threat being made.

19. That is submitting the clear and present danger report, it was the intent of Defendant Sandidge to actually cause the revocation of Plaintiff's FOID cards, and thus, actually deprive them of the ability to lawfully possess firearms for lawful self defense and other purposes.

20. In so doing Defendant Sandidge acted with the specific intent to deprive Plaintiffs of their constitutional rights under the Second and 14th Amendments.

21. This Count is brought under 42 U.S.C. 1983.

22. That as a proximate cause of Defendant Sandidge's conduct, Plaintiffs' FOID cards were revoked, and Plaintiffs were each forced to surrender their otherwise lawfully possessed firearms to third parties, resulting in inability to defend themselves in their homes, and at the cost of various sums of money.

23. That Plaintiffs suffered damages in excess of $50,000.00.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandidge, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VI

1 – 23  Plaintiff Greer adopts and incorporates paragraphs 1 through 23 of Count V.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandidge, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VII

1 – 23    Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 23 of Count V.

24. That FSB Employee #1 knew or should have known that it would violate both the Second Amendment, and fundamental due process, to revoke a FOID card, based on what was presented to him or her.

25. That FSB Employee #1 knew or should have known that it would violate both the Second Amendment, and fundamental due process, to revoke a FOID card, based on only on preponderance of the evidence, in which no contrary evidence is or was permitted.

26. This action is brought under 42 USC 1983.

27. That despite knowing of the constitutional infirmities, Defendant acted to suspend and/or revoke Plaintiff's FOID card, thus depriving Plaintiff of the ability to lawfully possess a firearm in his home for lawful self defense.

28. That as a proximate cause of Defendant Sandidge's conduct, Plaintiffs' FOID cards were revoked, and Plaintiffs were each forced to surrender their otherwise lawfully possessed firearms to third parties, resulting in inability to defend themselves in their homes, and at the cost of various sums of money.

29. That Plaintiffs suffered damages in excess of $50,000.00.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant FSB Employee #1, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VIII

1 – 24  Plaintiff Greer adopts and incorporates paragraphs 1 through 24 of Count VII.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant FSB Employee #1, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT IX

1– 23      Plaintiffs adopts and incorporates paragraphs 1 through 23 of Count V.

24. That when a Clear and Present Danger report is submitted to ISP, not only is the subject of the report not notified at all, in advance, but in violation of constitutional law, is determined not on a "clear and convincing" standard, but rather, by preponderance of the evidence, with the victim not being allowed to present evidence.


25.      That on information and belief, in recent months, the Illinois State Police has substantially expanded what, in its mind, was sufficient allegations and evidence to support a clear and present danger report, to purportedly justify the revocation of, *inter alia*, a FOID card.

26.      On information and belief, this is on the direct orders and instructions of Defendant Kelly, along with other elected officers of the State of Illinois working with and in concert with Kelly.

27.      That the ISP, has provided to county and local police, instruction to submit clear and present danger reports for situations in which there is neither a threat of any firearm involved, not a clear danger of any kind, and certain not a present danger. For instance, the ISP has, in

recent months literally approved a clear and present danger report for two women, lawfully arguing at an Illinois rest stop, in which no weapons were used, present or threatened.

28.     That on information and belief, *all* clear and present danger reports submitted to the ISP in 2024, have been approved, resulting in a revoked FOID card, no matter what the evidence, allegation, or lack thereof.

29.     That the expanded use of clear and present danger revocations is not designed to actually address actual clear and present dangers, but rather, is part and parcel of the official Illinois general public policy hostile to firearm ownership of any kind.

30.     That persons subject to clear and present danger reports resulting in revocation or other invalidation of FOID cards have no felony convictions, mental health adjudications, and are generally eligible under both state and federal law to possess and acquire firearms, as they are generally not actually dangerous and are law abiding citizens.

31.     Reminiscent of the abuses of the "Star Chamber", that there is no mechanism by which the subject of a clear and present danger report can appear and dispute the allegations before the ISP revokes his FOID, as the subject is not even made aware of, generally, and never by the ISP, until after receiving in the mail, a letter from ISP, advising his FOID card has been revoked, and at that, generally the decisions are made not on the basis of any sort of actually admissible evidence, but merely on the say so of the person making the report.

32.     No supporting documentation, other than the notification letter, is sent to the victim of the scheme.

33.     That why there is a nominal-post hearing "appeal" process, in reality, it is a farce. in violation of basic due process, it purports to flip the burden of proof, from the State, to show and actual clear and present danger, to the citizen to disprove same and to prove that.

34.    The practical end result is that persons who have not been convicted, or often even charged with an actual crime, have not actually threatened any act of violence using a firearm, much less a clear threat or a present threat, are being systematically deprived of their right to keep and bear arms for self defense, anywhere, at all times, for all kinds of firearms.

35.    That, as presently actually operated, and as operated against Plaintiffs in this case, the "clear and present danger" system of the Illinois State Police, always violates due process and usually, and as applied against Plaintiffs in this case, violates the Second Amendment, as incorporated.

36.    As a proximate cause of the foregoing, Plaintiff's FOID cards were revoked, causing them to have to dispossess themselves of firearms, and resulting in them being unable to possess firearms in their homes for lawful self defense, or any other lawful purpose.

37.    That this action is brough under 42 U.S.C. 1983.

38.    Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs both, jointly and severally, request this Honorable Court (1) enjoin, both preliminarily and permanently, defendant Kelly from revoking, suspending of otherwise invalidating, and maintaining the invalidation of Plaintiffs' FOID cards, based on the Clear and Present danger report at issue in this case, (2) enjoin Defendant Kelly, from revoking FOID cards for an alleged clear and present danger in the future, based only on a preponderance of the evidence, and instead, requiring clear and convincing evidence, as well as prior notice and opportunity to be heard (3) enjoining Defendant Kelly from revoking FOID cards, based on an alleged clear and present danger in the future, unless the danger is both "clear" and "present" as those terms are used by the U.S. Supreme Court, and said conduct is not merely "reckless" as

indicated by United States v. Rahimi, 602 U.S. ___ (2024), plus costs of suit and attorney fees under 42 U.S.C. 1988, and such other, further and different relief as allowed by law or equity.

Dated: 8-4-2024                                      Respectfully Submitted,

                                                     s/Thomas G. Maag
                                                     Thomas G. Maag #6272640
                                                     Maag Law Firm, LLC
                                                     22 West Lorena Avenue
                                                     Wood River, IL 62095
                                                     Phone: 618-216-5291



**Illinois State Police**
**Director's Office of Firearms Safety**
**Clear and Present Danger Reporting Instructions for Law**
**Enforcement Officials and School Administrators**

Clear and Present Danger reporting is required by law enforcement officials, school administrators, and medical professionals when they determine a student or other person poses a Clear and Present Danger to themselves or others.

Clear and Present Danger is defined by statute as a person who: (1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person as determined by a physician, clinical psychologist, or qualified examiner; or (2) demonstrates threatening physical or verbal behavior, such as violent, suicidal, or assaultive threats, actions, or other behavior, as determined by a physician, clinical psychologist, qualified examiner, school administrator, or law enforcement official.

The Illinois State Police Law Enforcement Portal shall be used by law enforcement officials and school administrators to report individuals determined to pose a Clear and Present Danger pursuant to the Firearms Owners Identification Card Act (430 ILCS 65/8.1) and Illinois Administrative Code (Title 20 Section 1230.120). The law enforcement official or school administrator shall, **within 24 hours** of making the determination, notify the Illinois State Police Office of Firearms Safety via a submission through the ISP Law Enforcement Portal. This reporting duty is separate from any requests for assistance made to a law enforcement agency. **For immediate police assistance, school administrators must still contact their local law enforcement agency or call 911.**

Who Must Report Pursuant to 430 ILCS 65/8.1(d)(2) and 430 ILCS 66/105?
- Law enforcement Officials
- School Administrators – principals and chief administrative officers (or their designees) of public and private elementary and secondary schools, community colleges, colleges, and universities.

When Should I Report?
- When a school administrator or law enforcement official determines that a person demonstrates threatening physical or verbal behavior such as violent, suicidal, or assaultive threats, actions, or other behavior such that the person is posing a clear and present danger to themselves or others, they should report. (430 ILCS 65/1.1)

How Do I Report?
- The reporting law enforcement official, school administrator, or their designee, must have an account with the Illinois State Police (ISP) Law Enforcement portal to report. If your account is not set up, contact the Office of Firearms Safety at [ ] to receive instructions on how to sign up, or to answer any questions or confirm receipt of a submission.
- Within 24 hours of the school administrator or law enforcement official making the determination that a person poses a clear and present danger to himself, herself, or to others, they shall notify the ISP that the person poses a clear and present danger.
- All Clear and Present Danger reports must be made through the Law Enforcement Portal: IL Law Enforcement Agency Portal (current link).
- The reporter must login to the Portal to report the threatening behavior, then follow the prompts in the portal by completing each section in its entirety, including checking all boxes that pertain to the incident/individual, and attaching any relevant reports. All boxes describing the specific behaviors and statements leading to the determination should be appropriately checked, and the narrative section should include all relevant details, including dates and times of occurrence, as well as the names and contact information of any witnesses. Additional supporting documentation should be referenced in the narrative section and submitted with the form.
- If you need emergency assistance related to Clear and Present Danger Reporting only from the Office of Firearms Safety after normal business hours, contact the Illinois State Police, Statewide Terrorism and Intelligence Center at 877-455-7842.

What Happens After I Submit a Clear and Present Danger Report?
- Once a Clear and Present Danger determination is reported through the portal, you can check its status in the portal.
- If the person was a FOID Card holder, an Analyst from the Office of Firearm Safety will reach out to you and let you know what if the FOID holder is revoked, denied, or will remain valid.
- If the subject of the request was not a FOID Card holder, you will not receive additional notifications, unless additional information is needed to process your request. However, you can check the status of your submission within your portal account.

What Else Should I Know?
- This reporting process is intended to prevent individuals determined to pose a Clear and Present Danger from having access to firearms or firearm ammunition by revoking the individual's FOID Card or denying their FOID Card application.
- Clear and Present Danger reporting shall be made consistent with the Family Educational Rights and Privacy Act (34 CFR § 99.36) to assist the Illinois State Police with protecting the health and safety of the public by denying persons, who present a Clear and Present Danger, from having lawful access to weapons and ammunition.
- School administrators should consider consulting with their legal counsel prior to adopting Clear and Present Danger reporting policies.
- The physician, clinical psychologist, qualified examiner, law enforcement official, or school administrator making the determination and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the notification required under this subsection, except for willful or wanton misconduct. (430 ILCS 65/8.1)

| FOID CARD REVIEW BOARD | | REQUESTS FOR RELIEF FROM THE FOID CARD REVIEW BOARD | | DEVELOPMENTAL OR INTELLECTUAL DISABILITY |
|---|---|---|---|---|
| MENTAL HEALTH ADMISSIONS / CLEAR & PRESENT DANGER INCIDENTS LESS THAN 5 YEARS AGO | | LAW ENFORCEMENT EXPEDITED RELIEF | | FELONY AND CERTAIN MISDEMEANORS UNDER 8(s) |

# Mental Health admissions/ clear and present danger incidents in the past 5 years

If five years have passed since the date of your admission OR the incident giving rise to the clear and present danger, you don't need to file a request for relief. You may file a new application and provide the Mental Health Certification, which you may obtain at the following link: checklist

If upon filing a new application with the required Mental Health Certification, your application is denied, you may request relief from the FCRB using the Mental Health under 5 years process as provided below.

If your Firearm Owner's Identification (FOID) Card was revoked or your FOID application was denied because less than five years ago you were (i) a patient of a mental health facility or (ii) were involved in a Clear & Present Danger incident, and you have not previously had your firearm possession rights restored through administrative or judicial action pursuant to the FOID Act, you are not permitted to obtain a Firearm Owner's Identification Card unless you receive such relief. The information required for relief is listed on the attached checklist. Please use this to ensure all paperwork required is provided because the relief process will not begin until the FCRB receives all necessary documentation.

Upon receipt of all documents listed above, your application will be actioned. Submission of the required documents does not guarantee the granting of relief; however, it is required to begin the review process. If you fail to provide all of the required documentation within 60 days after receipt of the notice of FOID Card denial or FOID Card revocation, your request for relief will be denied and the case will be closed.

Relevant Checklist and Forms:

* Mental Health Less Than 5 Yr Prohibitor Requirements Checklist
* Firearm Disposition Record Form
* Request for FOID Investigation, Relief and Reinstatement of Firearms Rights Form
* Forensic Evaluation Form
* Employment Requirement Certification Form



# Illinois State Police – Office of Firearms Safety
## Request for FOID Investigation, Relief and
## Reinstatement of Firearms Rights

### For additional information, please see: 430 ILCS 65/8; 430 ILCS 65/9.5; & 430 ILCS 65/10

Pursuant to 430 ILCS 65/10, I, _____, am requesting an appeal of the revocation/denial of my Firearm Owner's Identification (FOID) card and petitioning for relief from any legal disabilities to the right to possess firearms. I further request the ISP conduct an investigation authorized by 20 Ill. Admin. Code 1230.70, to determine my eligibility for such relief.

By completing and signing this form, I am appealing to the Director of the Illinois State Police the denial/revocation of my FOID card. If my card was revoked, I understand I **must comply with Section 9.5 of the FOID Act** and submit all requested documentation before my appeal will be considered.

☐ The decision to deny/revoke my FOID card was made in error and I am providing certified court documents to correct my criminal history record or other documentation to correct the decision.

☐ I am requesting relief from the firearm prohibitor for which my FOID card was denied/revoked.

☐ I am requesting the Department also conduct an administrative review of my eligibility under the Firearm Concealed Carry Act, pursuant to 430 ILCS 66/87.

Additionally, I am providing the following personal statement regarding the denial/revocation of my FOID Card.

> Describe the reason for your appeal and, if applicable, the information you are providing to correct your criminal history record. You may attach additional pages as needed.

I understand that by applying for a FOID card, I have granted my authorization to the Illinois State Police to investigate my eligibility for a FOID card, as well as to any individual, organization, agency, or provider that maintains records relating to me to provide any records relevant to such investigation to any agent of the Illinois State Police upon their request. The intent of this authorization was and continues to be that I give my consent for full and complete disclosure (verbal and documentary) of medical records (including but not limited to mental health & drug/alcohol abuse records), criminal and law enforcement records, court records, internal investigation and disciplinary records, military records, employment records, background reports, and complaints regardless of whether said records and information are of a private, public or confidential nature for purposes of investigating my eligibility for a FOID card.

By requesting this appeal, I specifically acknowledge that I have waived my rights under the Health Insurance Portability and Accountability Act (HIPAA), as well as my rights under any state statute governing the confidentiality of medical records, including but not limited to the *Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/5)*. I certify that any person or entity that may obtain, furnish or exchange such information concerning me shall be held harmless and not liable for providing this information. I do hereby release from all liability and promise not to sue said persons or entities, the Illinois State Police, its agents and designees on account of or in connection with any claims, causes of action, injuries, damages, costs or expenses arising out of the furnishing or exchanging of information.

I affirm that I have legal authority to execute this release in that I am the subject of such records. A photocopy and/or an electronic copy of this release form will be valid as an original thereof, even though said photocopy and/or electronic copy does not contain an original writing of my signature.

I understand that:

- I have the right to revoke this consent in writing at any time; regardless, this consent shall terminate upon expiration of my FOID card or completion of my FOID appeal, whichever is later; and
- I have the right to inspect and copy any information that is disclosed pursuant to this release.

I have read and fully understand the contents of this "Request for FOID Investigation, Relief and Reinstatement of Firearms Rights."

Printed Name: _____     Date of Birth: _____

Signature: _____     Date: _____

Address, City, State, Zip: _____

Last Four SS#: XXX-XX-_____ Other Names Used: _____

Email Adress: _____
*Please note, by providing your email address you are consenting to accept service by electronic means of all documentation in this matter in lieu of service by certified or regular mail.*

Signature of Parent/Guardian of Minor: _____

Printed Name: _____     Date: _____

---

**Please Note:** Pursuant to 430 ILCS 65/9.5, within 48 hours of receiving notice of a FOID Card revocation, you must: (1) surrender your FOID card to the local law enforcement agency where you reside; (2) transfer all firearms in your possession or control; and (3) complete a Firearms Disposition Record.

Pursuant to 430 ILCS 65/10 (a), you must appeal to the circuit court in your county of residence, not to the ISP, if your FOID card was denied or revoked for any of the following reasons: forcible felony; stalking; aggravated stalking; domestic battery; any violation that is a Class 2 or greater felony of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act; any felony violation of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012; or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony.

---

**This form must be completed, signed, dated, and returned to:**     Illinois State Police
Office of Firearms Safety
801 South 7th Street, Suite 600-S
Springfield, IL 62703
OR eMail to:
ISP.FOID.Appeals@illinois.gov

| FOID CARD REVIEW BOARD | REQUESTS FOR RELIEF FROM THE FOID CARD REVIEW BOARD | FORMS & CHECKLISTS | STATUTE & RULE | FAQS | CONTACT US |

# FOID Card Review Board

Public Act 102-237 amended the FOID Act to create the Firearm Owners Identification (FOID) Card Review Board (FCRB). Effective January 1, 2023, pursuant to Section 10(a-5) of the FOID Act, the Firearm Owners Identification Card Review Board (FCRB) shall consider any request for relief under subsection (a), other than an appeal directed to the circuit court and except when the applicant is challenging the record upon which the decision to deny or revoke was based as provided in subsection (a-10) of the Act.

*In practice this means*

- Anyone requesting relief from the denial of a FOID Card application or the revocation of a FOID Card dated on or after December 31, 2022, shall file their request for relief with the FCRB if such denial or revocation was for any of the following reasons:
  - Developmental or Intellectual Disabilities
  - Mental Health Admissions / Clear & Present Danger Incidents that were less than 5 years ago.
  - Law Enforcement Requested for Expedited Relief from a Mental Health Admission
  - Certain Misdemeanors as provided in Section 8k of the FOID Act
  - Felonies other than:
    - Forcible felonies,
    - Stalking,
    - Aggravate stalking,
    - Domestic battery,
    - Any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony,
    - Any felony conviction of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012, or
    - Any adjudication as delinquent minor for the commission of an offense that if committed by an adult would be a felony.
- Please Note:
  - If your filing was complete prior to January 1, 2023, and you have not yet received a decision from the Illinois State Police (ISP), your file will either be transitioned to the FCRB by the ISP or you will receive further direction from the ISP.
  - If you filed materials after January 1, 2023, with the ISP, they will be provided to the FCRB as a part of the transition.

For additional information, please refer to the Illinois State Police Firearm Services Webpage.

### My FOID Card was revoked or my application was denied. How do I appeal this decision?

To begin the process of obtaining relief from firearm prohibitions, you must first contact the Illinois State Police to determine which venue has jurisdiction over your denial or revocation.

Please contact the ISP at ISP.FRCU@illinois.gov to start the process. They will review your FOID Card Account to determine who has jurisdiction to assist you.

If the FOID Card Review Board has jurisdiction over your petition, a member of the Board's staff will contact you to explain what documentation is needed.

### What am I required to do if my FOID Card was revoked?

The FOID Act (430 ILCS 65/9.5) requires *within 48 hours of receiving notification* of the revocation or suspension of your FOID Card, that you:

1. Surrender your Firearm Owner's Identification Card to the local law enforcement agency where you reside;
2. Transfer all firearms in your possession or control; and
3. Complete a ***Firearm Disposition Record***.

   *Instructions are included on the form; failure to comply with this statute constitutes a Class A misdemeanor.*

4. If your FOID Card was revoked because you no longer reside in Illinois, please destroy your FOID card and ensure you are in compliance with the laws of the state in which your reside.
5. If you are the sponsor of a minor(s) who has a FOID card, the minor's FOID card has also been revoked and must be immediately surrendered; please have the minor complete a Firearm Disposition Record as well.

### What do I do if I think there has been a mistake, and my FOID Card was incorrectly revoked or my application was incorrectly denied?

If you believe the ISP's records have inaccurately identified you as prohibited from possessing a FOID Card, you do not need to request relief from the FCRB. Rather, you will need to use the ISP, Firearms Services, Types of Appeals Tab and select I Inadvertently Answered Yes or Need to Challenge My Record.

### What do I do if I don't understand why my FOID Card was revoked or my FOID Application was denied or otherwise cannot find what I need on this webpage?

Please refer to the Illinois State Police, Firearm Services webpage.

# FOID Appeal Process

**What if I don't understand why my FOID Card was revoked or suspended or my FOID Application was denied? What if I need additional information?**

The Firearms Services Bureau website provides detailed information as to how to appeal.
- https://isp.illinois.gov/TypesOfAppeals

**How do I appeal the denial or revocation of my FOID Card? Pursuant to the FOID Act, 430 ILCS 65/10 appeals should be directed to the following entities.**

**FOID Card Review Board – Requests for Relief from Firearm Prohibitor**
- Developmental or Intellectual Disabilities,
- Voluntary Mental Health Admissions less than 5 years ago and Clear and Present Danger less than 5 years ago,
- Involuntary Mental Health Admissions,
- Adjudicated Mental Defective,
- Law Enforcement Request for Expedited Relief from a Mental Health Admission,
- Felonies other than those listed below as appealable to the circuit court.

For additional information please visit: https://isp.illinois.gov/FoidCardReviewBoard

**Circuit Court in the County of Applicant's Residence– Requests for Relief from Firearm Prohibitor**
- Forcible felonies,
- Stalking or aggravated stalking,
- Domestic battery,
- Misdemeanor Crimes of Domestic Violence,
- Any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony,
- Any felony of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012,
- Any adjudication as delinquent minor for the commission of an offense that if committed by an adult would be a felony.

For additional information please visit:
https://isp.illinois.gov/TypesOfAppeals/FoidCourtOrderedReliefRequired

**Illinois State Police (Firearm Record Challenge Unit)**
- Anyone who believes their FOID Card application was wrongly denied or their FOID Card was wrongly revoked,
- Voluntary Mental Health Admissions more than 5 years ago and Clear and Present Danger more than 5 years ago,
- Anyone whose FOID card has been suspended.

For additional information please visit: https://isp.illinois.gov/TypesOfAppeals/RecordsChallenge



**ILLINOIS STATE POLICE**
*Division of Justice Services*

JB Pritzker
*Governor*

Brendan F. Kelly
*Director*

July 23, 2024

MICHAEL L HOSFELT

367 VIRGINIA AVE

COTTAGE HILLS, IL 62018

Dear: MICHAEL L HOSFELT

Re:  Firearm Owner's Identification Card #1610481508

Your FOID card has been revoked pursuant to Section 8 of the Illinois FOID Card Act (430 ILCS 65/8). You are prohibited from possessing, purchasing, selling, transferring or exchanging firearms or firearms ammunition based upon the following:

- 430 ILCS 65/8 (f) - A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community.

**The FOID Act (430 ILCS 65/9.5) requires that within 48 hours of receiving this notification you:**
1.  Transfer all firearms in your possession or control to a valid FOID card holder;
2.  Complete a *Firearm Disposition Record (FDR)*, which can be found at:
   https://isp.illinois.gov/Foid/AppealForms
   *Instructions are included on the form; failure to comply with this statute constitutes a Class A misdemeanor. In the event you no longer reside in Illinois, please destroy your FOID card and ensure you are in compliance with the laws of the state in which you reside. In addition, if you are the sponsor of a minor(s) who has a FOID card, the minor's FOID card has also been revoked and must be immediately surrendered as well.*

Effective January 1, 2023, pursuant to Section 10(a-5) of the FOID Act, the Firearm Owners Identification Card Review Board (FCRB) shall consider any request for relief under subsection (a), other than an appeal directed to the circuit court and except when the applicant is challenging the record upon which the decision to deny or revoke was based as provided in subsection (a-10) of the Act.  For additional information, please use the following link: https://isp.illinois.gov/FoidCardReviewBoard  *If you wish to file a request for relief from a revocation or seizure, you must first have complied with the requirements of Section 9.5 of the FOID Act as outlined above.*

Illinois State Police

Firearms Services Bureau

Firearms Services Bureau
801 South Seventh Street • Suite 400-M
Springfield, IL 62703
(217) 782-7980 (voice) • 1 (800) 255-3323 (TDD)
www.illinois.gov • www.isp.illinois.gov



**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

| STATE OF ILLINOIS, CIRCUIT COURT | | |
|---|---|---|
| **STATE OF ILLINOIS, CIRCUIT COURT** Madison ☑ **COUNTY** | **SUMMONS** | *For Court Use Only* |

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | MICHAEL HOSFELT AND RAY GREER **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)* JASON DANDRIDGE,WALKER DSN 372, FSB EMPLOYEE #1 ,BRENDAN KELLY ,In his official capacity as Dorector of the Illinois State Police |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

24-LA-1034

**Case Number**

## IMPORTANT: You have been sued.

- Read all documents attached to this *Summons*.
- You MUST file an official document with the court within the time stated on this *Summons* called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees*.
- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.
- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

## Plaintiff/Petitioner:

**Do not use this form** in these types of cases:

- All criminal cases
- Detinue
- Order of protection
- Divorce
- Administrative review cases
- Eviction
- Stalking no contact orders
- Paternity
- Adult guardianship
- Foreclosure
- Civil no contact orders
- Small Claims

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk: 24-LA-1034

| | |
|---|---|
| In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:** |
| | a. Defendant/Respondent's primary address/information for service: |
| | Name *(First, Middle, Last):* JASON DANDRIDGE |
| | Registered Agent's name, if any: |
| | Street Address, Unit #: 405 RANDLE ST |
| | City, State, ZIP: EDWARDSVILLE    IL 62025 |
| | Telephone: _____  Email: _____ |
| In **1b**, enter a second address for the first Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: |
| | Name *(First, Middle, Last):* _____ |
| | Street Address, Unit #: _____ |
| | City, State, ZIP: _____ |
| In **1c**, check how you are sending your documents to this Defendant/ Respondent. | Telephone: _____  Email: _____ |
| | c. Method of service on Defendant/Respondent: |
| | ☐ Sheriff      ☐ Sheriff outside Illinois: _____ |
| | *County & State* |
| | ☐ Special process server      ☐ Licensed private detective |

| | |
|---|---|
| Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached. | ☑ **I am serving more than 1 Defendant/Respondent.** |
| | I have attached ____3____  *Additional Defendant/Respondent Address* |
| | *Number* |
| | *and Service Information* forms. |
| In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property. | **2.** **Information about the lawsuit:** |
| | a. Amount claimed:  $ _____ |
| | ☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession). |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** |
| | Name *(First, Middle, Last):* MAAG LAW FIRM |
| | Street Address, Unit #: 22 W LORENA AVE |
| | City, State, ZIP: WOOD RIVER IL 62095 |
| | Telephone: 618-216-5291    Email: MAAGLAWOFFICE@GMAIL.COM |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/ Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):** |
| | ☑ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: |
| | Address: 155 N. Main Street, Edwardsville, IL 62025 |
| | City, State, ZIP: _____ |

| | | |
|---|---|---|
| In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. | **Attend court:**<br>On: _____  at _____  ☐ a.m. ☐ p.m. in _____<br>       *Date*           *Time*                        *Courtroom*<br>**In-person at:** |

<table>
<tr><td rowspan="2">In 4b, fill out:
<ul>
<li>The court date and time the clerk gave you.</li>
<li>The courtroom and address of the court building.</li>
<li>The call-in or video information for remote appearances (if applicable).</li>
<li>The clerk's phone number and website.</li>
</ul>
All of this information is available from the Circuit Clerk.</td>
<td>_____  _____  _____  _____<br>*Courthouse Address*       *City*           *State*         *ZIP*<br>OR</td></tr>
<tr><td><strong>Remotely</strong> (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br><br>    By telephone: _____<br>                   *Call-in number for telephone remote appearance*<br>    By video conference: _____<br>                        *Video conference website*<br><br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk _____ or visit their website<br>                         *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>   *Website*</td></tr>
</table>

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | 8/9/2024<br>**Witness this Date:** _____<br><br>**Clerk of the Court:** /s/ Thomas McRae   /s/ Rosemary Eaker<br>                 _____ |

**STOP! The officer or process server will fill in the Date of Service**

Note to officer or process server:

- If 4a is checked, this *Summons* must be served within 30 days of the witness date.
- If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  - If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: **8-16-24**
               *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

| | |
|---|---|
| **MICHAEL L. HOSFELT and** ) | |
| **RAY C. GREER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **No.** |
| ) | |
| **JASON DANDIDGE, WALKER DSN 372,**) | |
| **FSB EMPLOYEE #1, and BRENDAN** ) | |
| **KELLY, in his official capacity, as** ) | |
| **Director of the Illinois State Police,** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT**

Comes now Ray C. Greer and Michael L. Hosfelt, by and through their attorneys,

Thomas G. Maag and the Maag Law Firm, LLC, and states as follows:

**COUNT I**

1. At all times relevant, Plaintiffs Michael L. Hosfelt ("Hosfelt") and Ray C Greer ("Greet")

   are citizens and residents of Madison County, Illinois.

2. That Defendant Brendan Kelly ("Kelly") is a citizen and resident of Saint Clair County,

   Illinois, and is the Director of the Illinois State Police, and is sued in his official capacity.

3. That FSB Employee #1 is an actual natural person, who is employed by the Illinois State

   Police Firearms Services Bureau, whose actual name is unknown at this time, but who

   personally revoked Plaintiff's FOID cards, as hereinafter alleged, in violation of basic

   constitutional law.  He/she is being sued in their individual capacity.

4. That Defendant Jason Sandidge (Sandidge) is a citizen and resident of Madison County, Illinois, and is employed as a deputy in the Madison County Sheriff's Department, and at all times was and is acting under color of state law.

5. That Defendant Walker DSN 372 (Walker) is a citizen and resident of Madison County, Illinois, and is employed as a deputy is the Madison County Sheriff's Department, and at all times was and is acting under color of state law.

6. That on or about Sunday, July 21s, 2024, at approximately 9:03 PM, Defendant Sandidge and Walker were dispatched to the home of Plaintiff Hosfelt, in unincorporated Madison County.

7. That Defendants Sandidge and Walker ultimately went to the backyard, and saw Plaintiffs.

8. That neither Plaintiffs were armed or in the immediate vicinity of firearms when they met with Defendants Sandidge and Walker.

9. At this point, based only on an anonymous complaint, and the existence of fired shotgun shell hulls in the yard, Defendants Sandidge and Walker arrested Plaintiffs, on grounds which were not apparent, and placed then in the police car, and drove them away to incarceration.

10. That while Plaintiff's deny shooting at all on the date in question, there is no law against a person firing a shotgun or other firearm, in their own back yard, in unincorporated Madison County, Illinois.

11. That Defendants Sandidge and Walker had no probable cause to arrest Plaintiffs, but did so anyway.

12. That after arresting Plaintiffs, Defendants Sandage and Walker, without a warrant, and without permission, and without exigent circumstances sufficient under the law, entered into the home of Plaintiff Hosfelt, and conducted an unlawful search.

13. That at all times relevant, there exists the Fourth Amendment to the Constitution of the United States, which is incorporated by the 14th Amendment, which prohibits unreasonable searches and seizures.

14. At all times relevant, Plaintiffs have a cause of action under 42 U.S.C. 1983.

15. At all times relevant, Plaintiffs suffered damages in an amount in excess of $50,000.00

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sanderson, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT II

1 – 15  Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 15 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Walker, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT III

1 – 15  Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 15 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sanderson, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT IV

1 – 15  Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 15 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Walker, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT V

1 – 11    Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 11 of Count I.

12.    As there was no probably cause to arrest Plaintiffs in this first instance, the Madison County States Attorney (not named as a Defendant here), did the appropriate thing, and refused to file charges against Plaintiffs.

13.    That despite knowing that no actual criminal charges were to be filed, and having no actual articulatable evidence or information that either Plaintiff was a clear or present danger to any person, group or persons, or anyone else, Defendant Sandage, personally, "completed Clear and Present Danger Forms on both Michael and Raymond [i.e. Plaintiffs]".

14.    That thereafter, Defendant Sandage personally forwarded said Clear and Present Danger forms to Madison County Lt. Stipcack, for forwarding to the ISP.

15.    That only the most incompetent or politically motivated officer would submit a "clear and present danger" report, under the facts that Defendant Sandage actually knew at the time.

16.    In fact, under Illinois law, a clear and present danger report is only supposed to be made if, and only if,

> "a person … (1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person…
>
> or
>
> (2) demonstrates threatening physical or verbal behavior, such as violent, suicidal,

or assaultive threats, actions, or other behavior....

16. In this case, there was *no actual communication of any threat*, much less a serious threat.

17. In this case there was no violent, suicidal or assaultive actions or other behavior.

18. In fact, based on the observations of the reporting officer, made during the court of an unlawful search, all firearms were literally under lock and key, and no person reported any threat being made.

19. That is submitting the clear and present danger report, it was the intent of Defendant Sandidge to actually cause the revocation of Plaintiff's FOID cards, and thus, actually deprive them of the ability to lawfully possess firearms for lawful self defense and other purposes.

20. In so doing Defendant Sandidge acted with the specific intent to deprive Plaintiffs of their constitutional rights under the Second and 14th Amendments.

21. This Count is brought under 42 U.S.C. 1983.

22. That as a proximate cause of Defendant Sandidge's conduct, Plaintiffs' FOID cards were revoked, and Plaintiffs were each forced to surrender their otherwise lawfully possessed firearms to third parties, resulting in inability to defend themselves in their homes, and at the cost of various sums of money.

23. That Plaintiffs suffered damages in excess of $50,000.00.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandidge, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VI

1 – 23  Plaintiff Greer adopts and incorporates paragraphs 1 through 23 of Count V.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandidge, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VII

1   – 23     Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 23 of Count V.

24. That FSB Employee #1 knew or should have known that it would violate both the Second Amendment, and fundamental due process, to revoke a FOID card, based on what was presented to him or her.

25. That FSB Employee #1 knew or should have known that it would violate both the Second Amendment, and fundamental due process, to revoke a FOID card, based on only on preponderance of the evidence, in which no contrary evidence is or was permitted.

26. This action is brought under 42 USC 1983.

27. That despite knowing of the constitutional infirmities, Defendant acted to suspend and/or revoke Plaintiff's FOID card, thus depriving Plaintiff of the ability to lawfully possess a firearm in his home for lawful self defense.

28. That as a proximate cause of Defendant Sandidge's conduct, Plaintiffs' FOID cards were revoked, and Plaintiffs were each forced to surrender their otherwise lawfully possessed firearms to third parties, resulting in inability to defend themselves in their homes, and at the cost of various sums of money.

29. That Plaintiffs suffered damages in excess of $50,000.00.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant FSB Employee #1, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VIII

1 – 24  Plaintiff Greer adopts and incorporates paragraphs 1 through 24 of Count VII.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant FSB Employee #1, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT IX

1– 23      Plaintiffs adopts and incorporates paragraphs 1 through 23 of Count V.

24. That when a Clear and Present Danger report is submitted to ISP, not only is the subject of the report not notified at all, in advance, but in violation of constitutional law, is determined not on a "clear and convincing" standard, but rather, by preponderance of the evidence, with the victim not being allowed to present evidence.

25.      That on information and belief, in recent months, the Illinois State Police has substantially expanded what, in its mind, was sufficient allegations and evidence to support a clear and present danger report, to purportedly justify the revocation of, *inter alia*, a FOID card.

26.      On information and belief, this is on the direct orders and instructions of Defendant Kelly, along with other elected officers of the State of Illinois working with and in concert with Kelly.

27.      That the ISP, has provided to county and local police, instruction to submit clear and present danger reports for situations in which there is neither a threat of any firearm involved, not a clear danger of any kind, and certain not a present danger. For instance, the ISP has, in

recent months literally approved a clear and present danger report for two women, lawfully arguing at an Illinois rest stop, in which no weapons were used, present or threatened.

28.     That on information and belief, *all* clear and present danger reports submitted to the ISP in 2024, have been approved, resulting in a revoked FOID card, no matter what the evidence, allegation, or lack thereof.

29.     That the expanded use of clear and present danger revocations is not designed to actually address actual clear and present dangers, but rather, is part and parcel of the official Illinois general public policy hostile to firearm ownership of any kind.

30.     That persons subject to clear and present danger reports resulting in revocation or other invalidation of FOID cards have no felony convictions, mental health adjudications, and are generally eligible under both state and federal law to possess and acquire firearms, as they are generally not actually dangerous and are law abiding citizens.

31.     Reminiscent of the abuses of the "Star Chamber", that there is no mechanism by which the subject of a clear and present danger report can appear and dispute the allegations before the ISP revokes his FOID, as the subject is not even made aware of, generally, and never by the ISP, until after receiving in the mail, a letter from ISP, advising his FOID card has been revoked, and at that, generally the decisions are made not on the basis of any sort of actually admissible evidence, but merely on the say so of the person making the report.

32.     No supporting documentation, other than the notification letter, is sent to the victim of the scheme.

33.     That why there is a nominal-post hearing "appeal" process, in reality, it is a farce. in violation of basic due process, it purports to flip the burden of proof, from the State, to show and actual clear and present danger, to the citizen to disprove same and to prove that.

34.     The practical end result is that persons who have not been convicted, or often even charged with an actual crime, have not actually threatened any act of violence using a firearm, much less a clear threat or a present threat, are being systematically deprived of their right to keep and bear arms for self defense, anywhere, at all times, for all kinds of firearms.

35.     That, as presently actually operated, and as operated against Plaintiffs in this case, the "clear and present danger" system of the Illinois State Police, always violates due process and usually, and as applied against Plaintiffs in this case, violates the Second Amendment, as incorporated.

36.     As a proximate cause of the foregoing, Plaintiff's FOID cards were revoked, causing them to have to dispossess themselves of firearms, and resulting in them being unable to possess firearms in their homes for lawful self defense, or any other lawful purpose.

37.     That this action is brough under 42 U.S.C. 1983.

38.     Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs both, jointly and severally, request this Honorable Court (1) enjoin, both preliminarily and permanently, defendant Kelly from revoking, suspending of otherwise invalidating, and maintaining the invalidation of Plaintiffs' FOID cards, based on the Clear and Present danger report at issue in this case, (2) enjoin Defendant Kelly, from revoking FOID cards for an alleged clear and present danger in the future, based only on a preponderance of the evidence, and instead, requiring clear and convincing evidence, as well as prior notice and opportunity to be heard (3) enjoining Defendant Kelly from revoking FOID cards, based on an alleged clear and present danger in the future, unless the danger is both "clear" and "present" as those terms are used by the U.S. Supreme Court, and said conduct is not merely "reckless" as

indicated by United States v. Rahimi, 602 U.S. ___ (2024), plus costs of suit and attorney fees under 42 U.S.C. 1988, and such other, further and different relief as allowed by law or equity.

Dated:  8-4-2024                                  Respectfully Submitted,

                                                  s/Thomas G. Maag
                                                  Thomas G. Maag #6272640
                                                  Maag Law Firm, LLC
                                                  22 West Lorena Avenue
                                                  Wood River, IL  62095
                                                  Phone: 618-216-5291



**Illinois State Police**
**Director's Office of Firearms Safety**
**Clear and Present Danger Reporting Instructions for Law Enforcement Officials and School Administrators**

Clear and Present Danger reporting is required by law enforcement officials, school administrators, and medical professionals when they determine a student or other person poses a Clear and Present Danger to themselves or others.

Clear and Present Danger is defined by statute as a person who: (1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person as determined by a physician, clinical psychologist, or qualified examiner; or (2) demonstrates threatening physical or verbal behavior, such as violent, suicidal, or assaultive threats, actions, or other behavior, as determined by a physician, clinical psychologist, qualified examiner, school administrator, or law enforcement official.

The Illinois State Police Law Enforcement Portal shall be used by law enforcement officials and school administrators to report individuals determined to pose a Clear and Present Danger pursuant to the Firearms Owners Identification Card Act (430 ILCS 65/8.1) and Illinois Administrative Code (Title 20 Section 1230.120). The law enforcement official or school administrator shall, **within 24 hours** of making the determination, notify the Illinois State Police Office of Firearms Safety via a submission through the ISP Law Enforcement Portal. This reporting duty is separate from any requests for assistance made to a law enforcement agency. **For immediate police assistance, school administrators must still contact their local law enforcement agency or call 911.**

Who Must Report Pursuant to 430 ILCS 65/8.1(d)(2) and 430 ILCS 66/105?
- Law enforcement Officials
- School Administrators – principals and chief administrative officers (or their designees) of public and private elementary and secondary schools, community colleges, colleges, and universities.

When Should I Report?
- When a school administrator or law enforcement official determines that a person demonstrates threatening physical or verbal behavior such as violent, suicidal, or assaultive threats, actions, or other behavior such that the person is posing a clear and present danger to themselves or others, they should report (430 ILCS65/8.1)

How Do I Report?
- The reporting law enforcement official, school administrator, or their designee, must have an account with the Illinois State Police (ISP) Law Enforcement portal to report. If your account is not set up, contact the Office of Firearms Safety at, [illegible] to receive instructions on how to sign up, or to answer any questions or confirm receipt of a submission.
- Within 24 hours of the school administrator or law enforcement official making the determination that a person poses a clear and present danger to himself, herself, or to others, they shall notify the ISP that the person poses a clear and present danger
- All Clear and Present Danger reports must be made through the Law Enforcement Portal: IL Law Enforcement Agency Portal ([illegible])
- The reporter must login to the Portal to report the threatening behavior, then follow the prompts in the portal by completing each section in its entirety, including checking all boxes that pertain to the incident/individual, and attaching any relevant reports. All boxes describing the specific behaviors and statements leading to the determination should be appropriately checked, and the narrative section should include all relevant details, including dates and times of occurrence, as well as the names and contact information of any witnesses. Additional supporting documentation should be referenced in the narrative section and submitted with the form.
- If you need emergency assistance related to Clear and Present Danger Reporting only from the Office of Firearms Safety after normal business hours, contact the Illinois State Police, Statewide Terrorism and Intelligence Center at 877-455-7842.

What Happens After I Submit a Clear and Present Danger Report?
- Once a Clear and Present Danger determination is reported through the portal, you can check its status in the portal.
- If the person was a FOID card holder, an Analyst from the Office of Firearm Safety will reach out to you and let you know whether the FOID holder is revoked, denied, or will remain valid.
- If the subject of the request was not a FOID Card holder, you will not receive additional notifications, unless additional information is needed to process your request. However, you can check the status of your submission within your portal account.

What Else Should I Know?
- This reporting process is intended to prevent individuals determined to pose a Clear and Present Danger from having access to firearms or firearm ammunition by revoking the individual's FOID Card or denying their FOID Card application.
- Clear and Present Danger reporting shall be made consistent with the Family Educational Rights and Privacy Act (34 CFR § 99.3) to assist the Illinois State Police with protecting the health and safety of the public by denying persons, who present a Clear and Present Danger, from having lawful access to weapons and ammunition.
- School administrators should consider consulting with their legal counsel prior to adopting Clear and Present Danger reporting policies.
- The physician, clinical psychologist, qualified examiner, law enforcement official, or school administrator making the determination and his or her employer shall not be held criminally, civilly, or professionally liable for making or not making the notification required under this subsection, except for willful or wanton misconduct. (430 ILCS 65/8.1)

| FOID CARD REVIEW BOARD | REQUESTS FOR RELIEF FROM THE FOID CARD REVIEW BOARD | DEVELOPMENTAL OR INTELLECTUAL DISABILITY |
| --- | --- | --- |
| MENTAL HEALTH ADMISSIONS / CLEAR & PRESENT DANGER INCIDENTS LESS THAN 5 YEARS AGO | LAW ENFORCEMENT EXPEDITED RELIEF | FELONY AND CERTAIN MISDEMEANORS UNDER 8(s) |

# Mental Health admissions/ clear and present danger incidents in the past 5 years

If five years have passed since the date of your admission OR the incident giving rise to the clear and present danger, you don't need to file a request for relief. You may file a new application and provide the Mental Health Certification, which you may obtain at the following link: checklist

If upon filing a new application with the required Mental Health Certification, your application is denied, you may request relief from the FCRB using the Mental Health under 5 years process as provided below.

If your Firearm Owner's Identification (FOID) Card was revoked or your FOID application was denied because less than five years ago you were (i) a patient of a mental health facility or (ii) were involved in a Clear & Present Danger incident, and you have not previously had your firearm possession rights restored through administrative or judicial action pursuant to the FOID Act, you are not permitted to obtain a Firearm Owner's Identification Card unless you receive such relief. The information required for relief is listed on the attached checklist. Please use this to ensure all paperwork required is provided because the relief process will not begin until the FCRB receives all necessary documentation.

Upon receipt of all documents listed above, your application will be actioned. Submission of the required documents does not guarantee the granting of relief; however, it is required to begin the review process. If you fail to provide all of the required documentation within 60 days after receipt of the notice of FOID Card denial or FOID Card revocation, your request for relief will be denied and the case will be closed.

Relevant Checklist and Forms:

- Mental Health Less Than 5 yr Prohibitor Requirements Checklist
- Firearm Disposition Record Form
- Request for FOID Investigation, Relief and Reinstatement of Firearms Rights Form
- Forensic Evaluation Form
- Employment Requirement Certification Form



# Illinois State Police – Office of Firearms Safety

## Request for FOID Investigation, Relief and Reinstatement of Firearms Rights

For additional information, please see: 430 ILCS 65/8; 430 ILCS 65/9.5; & 430 ILCS 65/10

Pursuant to 430 ILCS 65/10, I, _____, am requesting an appeal of the revocation/denial of my Firearm Owner's Identification (FOID) card and petitioning for relief from any legal disabilities to the right to possess firearms. I further request the ISP conduct an investigation authorized by 20 Ill. Admin. Code 1230.70, to determine my eligibility for such relief.

By completing and signing this form, I am appealing to the Director of the Illinois State Police the denial/revocation of my FOID card. If my card was revoked, I understand **I must comply with Section 9.5 of the FOID Act** and submit all requested documentation before my appeal will be considered.

☐ The decision to deny/revoke my FOID card was made in error and I am providing certified court documents to correct my criminal history record or other documentation to correct the decision.

☐ I am requesting relief from the firearm prohibitor for which my FOID card was denied/revoked.

☐ I am requesting the Department also conduct an administrative review of my eligibility under the Firearm Concealed Carry Act, pursuant to 430 ILCS 66/87.

Additionally, I am providing the following personal statement regarding the denial/revocation of my FOID Card.

> Describe the reason for your appeal and, if applicable, the information you are providing to correct your criminal history record. You may attach additional pages as needed.

I understand that by applying for a FOID card, I have granted my authorization to the Illinois State Police to investigate my eligibility for a FOID card, as well as to any individual, organization, agency, or provider that maintains records relating to me to provide any records relevant to such investigation to any agent of the Illinois State Police upon their request. The intent of this authorization was and continues to be that I give my consent for full and complete disclosure (verbal and documentary) of medical records (including but not limited to mental health & drug/alcohol abuse records), criminal and law enforcement records, court records, internal investigation and disciplinary records, military records, employment records, background reports, and complaints regardless of whether said records and information are of a private, public or confidential nature for purposes of investigating my eligibility for a FOID card.

By requesting this appeal, I specifically acknowledge that I have waived my rights under the Health Insurance Portability and Accountability Act (HIPAA), as well as my rights under any state statute governing the confidentiality of medical records, including but not limited to the *Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/5)*. I certify that any person or entity that may obtain, furnish or exchange such information concerning me shall be held harmless and not liable for providing this information. I do hereby release from all liability and promise not to sue said persons or entities, the Illinois State Police, its agents and designees on account of or in connection with any claims, causes of action, injuries, damages, costs or expenses arising out of the furnishing or exchanging of information.

I affirm that I have legal authority to execute this release in that I am the subject of such records. A photocopy and/or an electronic copy of this release form will be valid as an original thereof, even though said photocopy and/or electronic copy does not contain an original writing of my signature.

I understand that:

- I have the right to revoke this consent in writing at any time; regardless, this consent shall terminate upon expiration of my FOID card or completion of my FOID appeal, whichever is later; and
- I have the right to inspect and copy any information that is disclosed pursuant to this release.

I have read and fully understand the contents of this "Request for FOID Investigation, Relief and Reinstatement of Firearms Rights."

Printed Name: _____    Date of Birth: _____

Signature: _____    Date: _____

Address, City, State, Zip: _____

Last Four SS#: XXX-XX-_____   Other Names Used: _____

Email Adress: _____
*Please note, by providing your email address you are consenting to accept service by electronic means of all documentation in this matter in lieu of service by certified or regular mail.*

Signature of Parent/Guardian of Minor: _____

Printed Name: _____    Date: _____

---

**Please Note:** Pursuant to 430 ILCS 65/9.5, within 48 hours of receiving notice of a FOID Card revocation, you must: (1) surrender your FOID card to the local law enforcement agency where you reside; (2) transfer all firearms in your possession or control; and (3) complete a Firearms Disposition Record.

Pursuant to 430 ILCS 65/10 (a), you must appeal to the circuit court in your county of residence, not to the ISP, if your FOID card was denied or revoked for any of the following reasons: forcible felony; stalking; aggravated stalking; domestic battery; any violation that is a Class 2 or greater felony of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act; any felony violation of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012; or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony.

---

**This form must be completed, signed, dated, and returned to:**

Illinois State Police
Office of Firearms Safety
801 South 7th Street, Suite 600-S
Springfield, IL 62703
OR eMail to:
ISP.FOID.Appeals@illinois.gov

[FOID CARD REVIEW BOARD] [REQUESTS FOR RELIEF FROM THE FOID CARD REVIEW BOARD] [FORMS & CHECKLISTS] [STATUTE & RULE] [FAQs] [CONTACT US]

# FOID Card Review Board

Public Act 102-237 amended the FOID Act to create the Firearm Owners Identification (FOID) Card Review Board (FCRB). Effective January 1, 2023, pursuant to Section 10(a-5) of the FOID Act, the Firearm Owners Identification Card Review Board (FCRB) shall consider any request for relief under subsection (a), other than an appeal directed to the circuit court and except when the applicant is challenging the record upon which the decision to deny or revoke was based as provided in subsection (a-10) of the Act.

*In practice this means*

- Anyone requesting relief from the denial of a FOID Card application or the revocation of a FOID Card dated on or after December 31, 2022, shall file their request for relief with the FCRB if such denial or revocation was for any of the following reasons:
    - Developmental or Intellectual Disabilities
    - Mental Health Admissions / Clear & Present Danger Incidents that were less than 5 years ago.
    - Law Enforcement Requested for Expedited Relief from a Mental Health Admission
    - Certain Misdemeanors as provided in Section 8k of the FOID Act
    - Felonies other than:
        - Forcible felonies,
        - Stalking,
        - Aggravate stalking,
        - Domestic battery,
        - Any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony,
        - Any felony conviction of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012, or
        - Any adjudication as delinquent minor for the commission of an offense that if committed by an adult would be a felony.
- Please Note:
    - If your filing was complete prior to January 1, 2023, and you have not yet received a decision from the Illinois State Police (ISP), your file will either be transitioned to the FCRB or the ISP or you will receive further direction from the ISP.
    - If you filed materials after January 1, 2023, with the ISP, they will be provided to the FCRB as a part of the transition.

For additional information, please refer to the Illinois State Police Firearm Services Webpage.

### My FOID Card was revoked or my application was denied. How do I appeal this decision?

To begin the process of obtaining relief from firearm prohibitions, you must first contact the Illinois State Police to determine which venue has jurisdiction over your denial or revocation.

Please contact the ISP at ISP.FRCU@illinois.gov to start the process. They will review your FOID Card Account to determine who has jurisdiction to assist you.

If the FOID Card Review Board has jurisdiction over your petition, a member of the Board's staff will contact you to explain what documentation is needed.

### What am I required to do if my FOID Card was revoked?

The FOID Act (430 ILCS 65/9.5) requires within 48 hours of receiving notification of the revocation or suspension of your FOID Card, that you:

1. Surrender your Firearm Owner's Identification Card to the local law enforcement agency where you reside;
2. Transfer all firearms in your possession or control; and
3. Complete a *Firearm Disposition Record*.

    *Instructions are included on the form; failure to comply with this statute constitutes a Class A misdemeanor.*

4. If your FOID Card was revoked because you no longer reside in Illinois, please destroy your FOID card and ensure you are in compliance with the laws of the state in which you reside.
5. If you are the sponsor of a minor(s) who has a FOID card, the minor's FOID card has also been revoked and must be immediately surrendered; please have the minor complete a Firearm Disposition Record as well.

### What do I do if I think there has been a mistake, and my FOID Card was incorrectly revoked or my application was incorrectly denied?

If you believe the ISP's records have inaccurately identified you as prohibited from possessing a FOID Card, you do not need to request relief from the FCRB Rather, you will need to use the ISP, Firearms Services. Types of Appeals Tab and select I Inadvertently Answered Yes or Need to Challenge My Record.

### What do I do if I don't understand why my FOID Card was revoked or my FOID Application was denied or otherwise cannot find what I need on this webpage?

Please refer to the Illinois State Police Firearm Services webpage.

# FOID Appeal Process

**What if I don't understand why my FOID Card was revoked or suspended or my FOID Application was denied? What if I need additional information?**

The Firearms Services Bureau website provides detailed information as to how to appeal.

- https://isp.illinois.gov/TypesOfAppeals

**How do I appeal the denial or revocation of my FOID Card? Pursuant to the FOID Act, 430 ILCS 65/10 appeals should be directed to the following entities.**

**FOID Card Review Board – Requests for Relief from Firearm Prohibitor**
- Developmental or Intellectual Disabilities.
- Voluntary Mental Health Admissions less than 5 years ago and Clear and Present Danger less than 5 years ago,
- Involuntary Mental Health Admissions,
- Adjudicated Mental Defective,
- Law Enforcement Request for Expedited Relief from a Mental Health Admission,
- Felonies other than those listed below as appealable to the circuit court.

For additional information please visit: https://isp.illinois.gov/FoidCardReviewBoard

**Circuit Court in the County of Applicant's Residence– Requests for Relief from Firearm Prohibitor**
- Forcible felonies,
- Stalking or aggravated stalking,
- Domestic battery,
- Misdemeanor Crimes of Domestic Violence,
- Any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony,
- Any felony of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012,
- Any adjudication as delinquent minor for the commission of an offense that if committed by an adult would be a felony.

For additional information please visit:

https://isp.illinois.gov/TypesOfAppeals/FoidCourtOrderedReliefRequired

**Illinois State Police (Firearm Record Challenge Unit)**
- Anyone who believes their FOID Card application was wrongly denied or their FOID Card was wrongly revoked,
- Voluntary Mental Health Admissions more than 5 years ago and Clear and Present Danger more than 5 years ago,
- Anyone whose FOID card has been suspended.

For additional information please visit: https://isp.illinois.gov/TypesOfAppeals/RecordsChallenge



**ILLINOIS STATE POLICE**
*Division of Justice Services*

JB Pritzker
*Governor*

Brendan F. Kelly
*Director*

**July 23, 2024**

MICHAEL L HOSFELT

367 VIRGINIA AVE

COTTAGE HILLS, IL 62018

Dear: MICHAEL L HOSFELT

Re: Firearm Owner's Identification Card #1610481508

Your FOID card has been revoked pursuant to Section 8 of the Illinois FOID Card Act (430 ILCS 65/8). You are prohibited from possessing, purchasing, selling, transferring or exchanging firearms or firearms ammunition based upon the following:

- 430 ILCS 65/8 (f) - A person whose mental condition is of such a nature that it poses a clear and present danger to the applicant, any other person or persons or the community.

**The FOID Act (430 ILCS 65/9.5) requires that within 48 hours of receiving this notification you:**
1. Transfer all firearms in your possession or control to a valid FOID card holder;
2. Complete a *Firearm Disposition Record (FDR)*, which can be found at:
   https://isp.illinois.gov/Foid/AppealForms
   *Instructions are included on the form; failure to comply with this statute constitutes a Class A misdemeanor. In the event you no longer reside in Illinois, please destroy your FOID card and ensure you are in compliance with the laws of the state in which you reside. In addition, if you are the sponsor of a minor(s) who has a FOID card, the minor's FOID card has also been revoked and must be immediately surrendered as well.*

Effective January 1, 2023, pursuant to Section 10(a-5) of the FOID Act, the Firearm Owners Identification Card Review Board (FCRB) shall consider any request for relief under subsection (a), other than an appeal directed to the circuit court and except when the applicant is challenging the record upon which the decision to deny or revoke was based as provided in subsection (a-10) of the Act. For additional information, please use the following link: https://isp.illinois.gov/FoidCardReviewBoard *If you wish to file a request for relief from a revocation or seizure, you must first have complied with the requirements of Section 9.5 of the FOID Act as outlined above.*

Illinois State Police

Firearms Services Bureau

Firearms Services Bureau
801 South Seventh Street • Suite 400-M
Springfield, IL 62703
(217) 782-7980 (voice) • 1 (800) 255-3323 (TDD)
www.illinois.gov • www.isp.illinois.gov

