IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HOSFELT and RAY GREER, | |
| Plaintiffs, | |
| v. | Case No. 24-CV-02170-SPM |
| JASON DANDIDGE, WALKER DSN 372, FSB EMPLOYEE #1, and BRENDAN KELLY, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the court on a Motion to Dismiss (Doc. 14) for failure of the Plaintiffs to comply with Federal Rules of Civil Procedure 8 and 10.

### BACKGROUND

On August 4, 2024, Plaintiffs Michael Hosfelt and Ray Greer filed the Complaint at issue in this case, alleging a total of nine counts against four Defendants. Based on the facts alleged in the Complaint, the Plaintiffs claimed to have had their constitutional rights violated by the Defendants due to their arrest, search of their property, and eventual revocation of their FOID cards. Following this Complaint, the Defendants removed the present action to this Court (Doc. 1), and on October 21, 2024, filed a motion to dismiss (Doc. 14) for failure of the Complaint to comply with Federal Rules of Civil Procedure 8 and 10. (Doc. 14, p. 1).

## DISCUSSION

Rules 8 and 10 of the Federal Rules of Civil Procedure exist "to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011); *see also Intercom Ventures, LLC v. FasTV, Inc.*, No. 13 C 232, 2013 WL 2357621 at *5 (N.D. Ill. May 28, 2013) ("a complaint must describe the plaintiff's claims and the ground supporting them in 'sufficient detail to give the defendants fair notice' of the claim alleged against them."). To achieve this goal, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Additionally, Rule 8 requires that "[e]ach allegation must be simple, concise, and *direct*." FED. R. CIV. P. 8(d)(1) (emphasis added). Rule 10 further supports this goal by requiring that "each claim founded on a separate transaction or occurrence…be stated in a *separate count* or defense." FED. R. CIV. P. 10(b) (emphasis added). These rules, while not setting a high bar at the pleading stage, do require that plaintiffs abide by them at risk of pleading themselves out of a case. That may occur "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Standard*, 658 F.3d at 798; *see also Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988 at *1 (7th Cir. Oct. 26, 2021) ("unintelligibility justifies dismissal.").

In this case, the Plaintiffs have failed to draft their Complaint with sufficient organization and coherence to place Defendants on notice of their alleged unlawful

behavior. The combination of the below described defects in the case make the Complaint unintelligible, and thus justify its dismissal.

To begin with, while the Complaint lists "Jason Dandidge" as a defendant, the Complaint, at some points, refers to him (correctly) as Sandidge. However, in Counts I, III, and V, the Complaint repeatedly refers to either a Sandage, or Sanderson. While the context perhaps makes it likely that these are all one individual, anyone reading this complaint will be unsure as to that whether that is the case, thus failing to give proper notice to the Defendants in this case.

Further, Counts III and IV appear to be entirely duplicative of Counts I and II (Doc. 2-2). In the first four counts, Plaintiff Hosfelt asks the Court to provide relief for the alleged violations described in Count I. The first Count asks for relief against "Sanderson", while the second Count seeks relief against Walker. However, the third and fourth counts each ask for the same relief against these same two Defendants on behalf of Hosfelt. This relief is sought based on the same allegations of Count I, without providing any additional details. Perhaps Counts III and IV were meant to be on behalf of Plaintiff Greer, but this requires the Court to make assumptions not found anywhere in the Complaint. If these duplicative counts have any meaning, the Complaint does not make this meaning clear enough for the Defendants to be placed on proper notice.

There is also a lack of clarity as to what the exact constitutional violations were in this case. For example, in Count V, the Plaintiffs allege that their Second Amendment and Fourteenth Amendment rights were violated by Defendant

Sandridge's submitting of a clear and present danger report. (Doc. 2-2, p. 11). Is the invocation of the Fourteenth Amendment meant to attack the procedure of the clear and present danger report? Or is it simply included as a means of incorporating the Second Amendment against this state officer? While later Counts seem to argue that other portions of the clear and present danger process violate "fundamental due process", Count V does not go into quite as much detail. This leaves the Defendants, and the Court, unable to fully understand the allegations contained in the Complaint.

Similar concerns exist in Count I of the Complaint, in which it is unclear whether the constitutional violation was the unlawful arrest, the unlawful search, or both. While Count I describes both an alleged unlawful search and an unlawful seizure, these are two separate events. At the very least, these two occurrences ought to have been separated into two counts, as per Rule 10. FED. R. CIV. P. 10(b) (requiring separate occurrences be separated into different counts). Adding clarity is the precise purpose of Rule 10(b), so that all defendants are properly placed on notice as to the scope of the allegations against them.

Finally, the Complaint also fails to abide by Rule 10 in failing to accurately number each paragraph. Rule 10(b) requires that each claim is listed in numbered paragraphs. Fed. R. Civ. P. 10(b). While the Complaint does utilize numbered paragraphs, it repeats numbers in Count V, providing two paragraphs labeled "16." Additionally, the Complaint restarts the numbering for each Count. Resulting in multiple paragraphs utilizing the same numbers, such as paragraphs 12-15 in Count I and then again in Count V.

Even if the Court were to accept that any one of these defects in the Complaint were insufficient to grant a motion to dismiss, these defects, taken together, fail to provide the Defendants proper notice.

## CONCLUSION

For these reasons, the Court finds that the Complaint fails to comply with Rule 8 and 10, and, therefore, the Defendants' Motion to Dismiss (Doc. 14) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiffs have 14 days to file an amended complaint based on the Court's ruling. Plaintiffs are **WARNED** that failure to file an amended complaint by the deadline shall result in dismissal of this action with prejudice for failure to comply with a court order and for failure to prosecute their claims. See Fed. R. Civ. P. 41(b); see also generally *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). All other pending motions are **DENIED as moot** and the deadlines related to them are terminated.

**IT IS SO ORDERED.**

**DATED:  November 20, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**