IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. HOSFELT and<br>RAY C. GREER,<br><br>    Plaintiffs,<br><br>v.<br><br>JASON SANDIDGE, WALKER DSN 372,<br>FSB EMPLOYEE #1, and BRENDAN<br>KELLY, in his official capacity, as<br>Director of the Illinois State Police,<br><br>    Defendant. | No. 24-cv-02170-SPM |

**FIRST AMENDED COMPLAINT**

Comes now Ray C. Greer and Michael L. Hosfelt, by and through their attorneys, Thomas G. Maag and the Maag Law Firm, LLC, and states as follows:

**COUNT I**

**(Arrest, Hosfelt v. Sandage)**

1. At all times relevant, Plaintiffs Michael L. Hosfelt ("Hosfelt") and Ray C Greer ("Greer") are citizens and residents of Madison County, Illinois.

2. That Defendant Brendan Kelly ("Kelly") is a citizen and resident of Saint Clair County, Illinois, and is the Director of the Illinois State Police, and is sued in his official capacity.

3. That FSB Employee #1 is an actual natural person, who is employed by the Illinois State Police Firearms Services Bureau, whose actual name is unknown at this time, but who personally revoked Plaintiff's FOID cards, as hereinafter alleged, in violation of basic constitutional law. He/she is being sued in their individual capacity.

4. That Defendant Jason Sandidge (Sandidge) is a citizen and resident of Madison County, Illinois, and is employed as a deputy in the Madison County Sheriff's Department, and at all times was and is acting under color of state law.

5. That Defendant Walker DSN 372 (Walker) is a citizen and resident of Madison County, Illinois, and is employed as a deputy is the Madison County Sheriff's Department, and at all times was and is acting under color of state law.  This Defendant's full and proper legal name is not known at this time.

6. That on or about Sunday, July 21s, 2024, at approximately 9:03 PM, Defendant Sandidge and Walker were dispatched to the home of Plaintiff Hosfelt, in unincorporated Madison County.

7. That Defendants Sandidge and Walker ultimately went to the backyard, and saw Plaintiffs.

8. That neither Plaintiffs were armed or in the immediate vicinity of firearms when they met with Defendants Sandidge and Walker.

9. At this point, based only on an anonymous complaint, and the existence of fired shotgun shell hulls in the yard, Defendants Sandidge and Walker arrested Plaintiffs, on grounds which were not apparent, and placed then in the police car, and drove them away to incarceration.

10. That while Plaintiff's deny shooting at all on the date in question, there is no law against a person firing a shotgun or other firearm, in their own back yard, in unincorporated Madison County, Illinois.

11. That Defendants Sandidge and Walker had no probable cause to arrest Plaintiffs, but did so anyway.

12. That at all times relevant, there exists the Fourth Amendment to the Constitution of the United States, which is incorporated by the 14th Amendment[1], which prohibits unreasonable searches and seizures.

13. At all times relevant, Plaintiffs have a cause of action under 42 U.S.C. 1983.

14. At all times relevant, Plaintiffs suffered damages in an amount in excess of $50,000.00

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandage, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT II

### (Arrest, Hosfelt v. Walker)

15 – 28    Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 14 of Count I.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Walker, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT III

### (Arrest, Greer v. Sandage)

29 – 43    Plaintiff Greer adopts and incorporates paragraphs 1 through 14 of Count I.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandage, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

---

[1] The Bill of Rights, that being the first ten amendments to the U.S. Constitution, originally applied only to the federal government. The U.S. Supreme Court has largely applied these Amendments to apply to the states through the incorporation doctrine of the 14th Amendment. Any reference to a specific Amendment of the Bill of Rights is meant to mean as it is incorporated under the 14th Amendment. Unless the context expressly so indicates, any invocation of the 14th Amendment is meant to simply refer to how another Amendment applies as to the states.

## COUNT IV

### (Arrest, Greer v. Walker)

44 – 58    Plaintiff Greer adopts and incorporates paragraphs 1 through 14 of Count I.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Walker, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT V

### (Second Amendment, Hosfelt, v. Sandage)

59 – 70    Plaintiff Hosfelt adopts and incorporates paragraphs 1 through 11 of Count I.

71.    As there was no probable cause to arrest Plaintiffs in this first instance, the Madison County States Attorney (not named as a Defendant here, and accused of no wrongdoing), did the appropriate thing, and refused to file charges against Plaintiffs.

72.    That despite knowing that no actual criminal charges were to be filed, and having no actual articulatable evidence or information that either Plaintiff was a clear or present danger to any person, group or persons, or anyone else, Defendant Sandage, personally, "completed Clear and Present Danger Forms on both Hosfelt and Greer [i.e. Plaintiffs]".

73.    That thereafter, Defendant Sandage personally forwarded said Clear and Present Danger forms to Madison County Lt. Stipcack (also not named as a Defendant and accused of no wrongdoing), for forwarding to the ISP.

74.    That only the most incompetent or politically motivated officer would submit a "clear and present danger" report, under the facts that Defendant Sandage actually knew at the time.

75. In fact, under Illinois law, a clear and present danger report is only supposed to be made if, and only if,

> "a person … (1) communicates a serious threat of physical violence against a reasonably identifiable victim or poses a clear and imminent risk of serious physical injury to himself, herself, or another person…
>
> or
>
> (2) demonstrates threatening physical or verbal behavior, such as violent, suicidal, or assaultive threats, actions, or other behavior….

76. In this case, there was *no actual communication of any threat*, much less a serious threat.

77. In this case there was no violent, suicidal or assaultive actions or other behavior.

78. In fact, based on the observations of the reporting officer, made during the court of an unlawful search, all firearms were literally under lock and key, and no person reported any threat being made.

79. That is submitting the clear and present danger report, it was the intent of Defendant Sandidge to actually cause the revocation of Plaintiff's FOID cards, and thus, actually deprive them of the ability to lawfully possess firearms for lawful self defense and other purposes.

80. In so doing Defendant Sandidge acted with the specific intent to deprive Plaintiffs of their constitutional rights under the Second Amendment as incorporated by the 14th Amendment.

81. This Count is brought under 42 U.S.C. 1983.

82. That as a proximate cause of Defendant Sandidge's conduct, Plaintiffs' FOID cards were revoked, and Plaintiffs were each forced to surrender their otherwise lawfully possessed

firearms to third parties, resulting in inability to defend themselves in their homes, and at the cost of various sums of money.

83. That Plaintiffs suffered damages in excess of $50,000.00.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandidge, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VI

### (Second Amendment, Greer, v. Sandage)

84 - 108    Plaintiff Greer adopts and incorporates paragraphs 59 through 83 of Count V.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant Sandidge, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VII

### (Second Amendment, Hosfelt v. FSB)

109 – 133    Plaintiff Hosfelt adopts and incorporates paragraphs 59 through 83 of Count V.

134. That FSB Employee #1 knew or should have known that it would violate both the Second Amendment, and fundamental due process, to revoke a FOID card, based on what was presented to him or her.

135. That FSB Employee #1 knew or should have known that it would violate both the Second Amendment, and fundamental due process, to revoke a FOID card, based on only on preponderance of the evidence, in which no contrary evidence is or was permitted.

136. This action is brought under 42 USC 1983.

137. That despite knowing of the constitutional infirmities, Defendant acted to suspend and/or revoke Plaintiff's FOID card, thus depriving Plaintiff of the ability to lawfully possess a firearm in his home for lawful self defense.

138. That as a proximate cause of Defendant Sandidge's conduct, Plaintiffs' FOID cards were revoked, and Plaintiffs were each forced to surrender their otherwise lawfully possessed firearms to third parties, resulting in inability to defend themselves in their homes, and at the cost of various sums of money.

139. That Plaintiffs suffered damages in excess of $50,000.00.

WHEREFORE, Plaintiff Hosfelt humbly requests this Honorable Court enter judgment, in his favor, and against Defendant FSB Employee #1, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT VIII

### (Second Amendment, Greer v. FSB)

140 – 170.   Plaintiff Greer adopts and incorporates paragraphs 109 through 139 of Count VII.

WHEREFORE, Plaintiff Greer humbly requests this Honorable Court enter judgment, in his favor, and against Defendant FSB Employee #1, in an amount in excess of $50,000.00, plus costs of suit and attorney fees under 42 USC 1988.

## COUNT IX

### (Due Process v. Kelly)

171 – 195.   Plaintiffs adopts and incorporates paragraphs 59 through 83 of Count V.

196.   That when a Clear and Present Danger report is submitted to ISP, not only is the subject of the report not notified at all, in advance, but in violation of constitutional law, is

determined not on a "clear and convincing" standard, but rather, by preponderance of the evidence, with the victim not being allowed to present evidence.

197. That on information and belief, in recent months, the Illinois State Police has substantially expanded what, in its mind, was sufficient allegations and evidence to support a clear and present danger report, to purportedly justify the revocation of, *inter alia*, a FOID card.

198. On information and belief, this is on the direct orders and instructions of Defendant Kelly, along with other elected officers of the State of Illinois working with and in concert with Kelly.

199. That the ISP, has provided to county and local police, instruction to submit clear and present danger reports for situations in which there is neither a threat of any firearm involved, not a clear danger of any kind, and certain not a present danger.

200. The ISP has, in recent months literally approved a clear and present danger report for two women, lawfully arguing at an Illinois rest stop, in which no weapons were used, present or threatened.

201. That on information and belief, *all* clear and present danger reports submitted to the ISP in 2024, have been approved, resulting in a revoked FOID card, no matter what the evidence, allegation, or lack thereof.

202. That the expanded use of clear and present danger revocations is not designed to actually address actual clear and present dangers, but rather, is part and parcel of the official Illinois general public policy hostile to firearm ownership of any kind.

203. That persons subject to clear and present danger reports resulting in revocation or other invalidation of FOID cards have no felony convictions, mental health adjudications, and are

generally eligible under both state and federal law to possess and acquire firearms, as they are generally not actually dangerous and are law abiding citizens.

204. Reminiscent of the abuses of the "Star Chamber", that there is no mechanism by which the subject of a clear and present danger report can appear and dispute the allegations before the ISP revokes his FOID, as the subject is not even made aware of, generally, and never by the ISP, until after receiving in the mail, a letter from ISP, advising his FOID card has been revoked, and at that, generally the decisions are made not on the basis of any sort of actually admissible evidence, but merely on the say so of the person making the report.

205. No supporting documentation, other than the notification letter, well after the fact, is sent to the victim of the scheme.

206. That why there is a nominal-post hearing "appeal" process, in reality, it is a farce. in violation of basic due process, it purports to flip the burden of proof, from the State, to show and actual clear and present danger, to the citizen to disprove same and to prove that they are actually fit to possess arms, when under the Second Amendment U.S. Citizens are *presumed* to be qualified to keep and bear arms.

207. The practical end result is that persons who have not been convicted, or often even charged with an actual crime, have not actually threatened any act of violence using a firearm, much less a clear threat or a present threat, are being systematically deprived of their right to keep and bear arms for self defense, anywhere, at all times, for all kinds of firearms.

208. That, as presently actually operated, and as operated against Plaintiffs in this case, the "clear and present danger" system of the Illinois State Police, violates due process under the 14th Amendment.

209. As a proximate cause of the foregoing, Plaintiff's FOID cards were revoked, causing them to have to dispossess themselves of firearms, and resulting in them being unable to possess firearms in their homes for lawful self defense, or any other lawful purpose.

210. That this action is brough under 42 U.S.C. 1983.

211. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs both, jointly and severally, request this Honorable Court (1) enjoin, both preliminarily and permanently, defendant Kelly from revoking, suspending of otherwise invalidating, and maintaining the invalidation of Plaintiffs' FOID cards, based on the Clear and Present danger report at issue in this case, (2) enjoin Defendant Kelly, from revoking FOID cards for an alleged clear and present danger in the future, based only on a preponderance of the evidence, and instead, requiring clear and convincing evidence, as well as prior notice and opportunity to be heard (3) enjoining Defendant Kelly from revoking FOID cards, based on an alleged clear and present danger in the future, unless the danger is both "clear" and "present" as those terms are used by the U.S. Supreme Court, and said conduct is not merely "reckless" as indicated by United States v. Rahimi, 602 U.S. ___ (2024), plus costs of suit and attorney fees under 42 U.S.C. 1988, and such other, further and different relief as allowed by law or equity.

## COUNT X

### (Second Amendment v. Kelly)

212 – 230  Plaintiffs adopts and incorporates paragraphs 59 through 83 of Count V.

231. That when a Clear and Present Danger report is submitted to ISP, not only is the subject of the report not notified at all, in advance, but in violation of constitutional law, is determined not on a "clear and convincing" standard, but rather, by preponderance of the evidence, with the victim not being allowed to present evidence.

232. That on information and belief, in recent months, the Illinois State Police has substantially expanded what, in its mind, was sufficient allegations and evidence to support a clear and present danger report, to purportedly justify the revocation of, inter alia, a FOID card.

233. On information and belief, this is on the direct orders and instructions of Defendant Kelly, along with other elected officers of the State of Illinois working with and in concert with Kelly.

234. That the ISP, has provided to county and local police, instruction to submit clear and present danger reports for situations in which there is neither a threat of any firearm involved, not a clear danger of any kind, and certain not a present danger.

235. The ISP has, in recent months literally approved a clear and present danger report for two women, lawfully arguing at an Illinois rest stop, in which no weapons were used, present or threatened.

236. That on information and belief, all clear and present danger reports submitted to the ISP in 2024, have been approved, resulting in a revoked FOID card, no matter what the evidence, allegation, or lack thereof.

237. That the expanded use of clear and present danger revocations is not designed to actually address actual clear and present dangers, but rather, is part and parcel of the official Illinois general public policy hostile to firearm ownership of any kind.

238. That persons subject to clear and present danger reports resulting in revocation or other invalidation of FOID cards have no felony convictions, mental health adjudications, and are generally eligible under both state and federal law to possess and acquire firearms, as they are generally not actually dangerous and are law abiding citizens.

239.    Reminiscent of the abuses of the "Star Chamber", that there is no mechanism by which the subject of a clear and present danger report can appear and dispute the allegations before the ISP revokes his FOID, as the subject is not even made aware of, generally, and never by the ISP, until after receiving in the mail, a letter from ISP, advising his FOID card has been revoked, and at that, generally the decisions are made not on the basis of any sort of actually admissible evidence, but merely on the say so of the person making the report.

240.    No supporting documentation, other than the notification letter, well after the fact, is sent to the victim of the scheme.

241.    That why there is a nominal-post hearing "appeal" process, in reality, it is a farce. in violation of basic due process, it purports to flip the burden of proof, from the State, to show and actual clear and present danger, to the citizen to disprove same and to prove that they are actually fit to possess arms.

242.    The practical end result is that persons who have not been convicted, or often even charged with an actual crime, have not actually threatened any act of violence using a firearm, much less a clear threat or a present threat, are being systematically deprived of their right to keep and bear arms for self defense, anywhere, at all times, for all kinds of firearms.

243.    That, as presently actually operated, and as operated against Plaintiffs in this case, the "clear and present danger" system of the Illinois State Police, violates the Second Amendment, as incorporated.

244.    As a proximate cause of the foregoing, Plaintiff's FOID cards were revoked, causing them to have to dispossess themselves of firearms, and resulting in them being unable to possess firearms in their homes for lawful self defense, or any other lawful purpose.

245.    That this action is brough under 42 U.S.C. 1983.

246.    Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs both, jointly and severally, request this Honorable Court (1) enjoin, both preliminarily and permanently, defendant Kelly from revoking, suspending of otherwise invalidating, and maintaining the invalidation of Plaintiffs' FOID cards, based on the Clear and Present danger report at issue in this case, (2) enjoin Defendant Kelly, from revoking FOID cards for an alleged clear and present danger in the future, based only on a preponderance of the evidence, and instead, requiring clear and convincing evidence, as well as prior notice and opportunity to be heard (3) enjoining Defendant Kelly from revoking FOID cards, based on an alleged clear and present danger in the future, unless the danger is both "clear" and "present" as those terms are used by the U.S. Supreme Court, and said conduct is not merely "reckless" as indicated by United States v. Rahimi, 602 U.S. ___ (2024), plus costs of suit and attorney fees under 42 U.S.C. 1988, and such other, further and different relief as allowed by law or equity.

Dated:  11-26-2024                                   Respectfully Submitted,

                                                     s/_Thomas G. Maag_
                                                     Thomas G. Maag #6272640
                                                     Maag Law Firm, LLC
                                                     22 West Lorena Avenue
                                                     Wood River, IL  62095
                                                     Phone: 618-216-5291

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that the foregoing document was filed, on this date, using the CM/ECF system, which will send notification to all registered users.

Dated:  11-26-2024                                   *s/_Thomas G. Maag_*